996 F.2d 1216
 144 L.R.R.M. (BNA) 2392
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CARRICO'S INC. d/b/a Parma Food Center, Respondent.
 No. 93-5697.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1993.
 
 Before: MILBURN and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Carrico's Inc. d/b/a Parma Food Center, Parma, Ohio, its officers, agents, successors, and assigns, enforcing its order dated March 31, 1993, in Case Nos. 8-CA-24441 and 8-CA-24718, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Carrico's Inc. d/b/a Parma Food Center, Parma, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Interrogating employees regarding their intention to vote for a strike.
 
 
 5
 (b) Bypassing United Food and Commercial Workers Union, Local 880, and dealing directly with employees by soliciting unit employees to take layoffs out of order of seniority. The units, which are appropriate for purposes of collective bargaining within the meaning of Section 9(b) of the Act are as follows:
 
 
 6
 All of the Respondent's food store employees at 7383 State Road, Parma, Ohio, but excluding meat employees in its store, regular office clerical personnel, managers, and other supervisors as defined in the National Labor Relations Act, as amended.
 
 
 7
 All of the Respondent's meat department employees in its retail store located at 7383 State Road, Parma, Ohio, excluding supervisors as defined in the National Labor Relations Act, as amended.
 
 
 8
 (c) Failing to credit former "Geraci's" employees with past service credit or implementing collective-bargaining proposals relating to wages, hours, and other terms and conditions of employment for the bargaining units, which are mandatory subjects of bargaining, without reaching impasse, if, on any of these matters, there is no prior notice to the Union or if the Union is not given an opportunity to bargain with respect to this conduct or the effects of this conduct.
 
 
 9
 (d) Failing to bargain in good faith with the Union over the effects of its decision to close its Parma, Ohio facility.
 
 
 10
 (e) Failing to continue all terms and conditions of its collective-bargaining agreements which are mandatory subjects of bargaining, by failing to submit health, welfare and pension contributions, without notice to and bargaining with the Union.
 
 
 11
 (f) Failing to continue all terms and conditions of its collective-bargaining agreements, which are mandatory subjects of bargaining by failing to enforce the union-security provisions, including having nonbargaining unit employees perform bargaining unit work, or by laying off employees out of order of seniority, without notice to and bargaining with the union.
 
 
 12
 (g) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 13
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 14
 (a) On request of the Union, restore the status quo and make employees whole, with interest, for its unlawful unilateral changes in failing to credit former "Geraci's" employees with past service credit and in implementing its collective-bargaining proposals.
 
 
 15
 (b) On request, bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit employees with respect to the effects on employees of its decision to close its Parma, Ohio facility and, if an understanding is reached, embody the understanding in a signed agreement.
 
 
 16
 (c) Pay the unit employees terminated by Respondent when it closed its Parma, Ohio facility on or about July 16, 1992, their normal wages for the period set forth in the remedy section of the Board's decision.
 
 
 17
 (d) Make the contractually required contributions to the fringe benefit funds and make unit employees whole, in the manner set forth in the remedy section of the Board's decision for any loss of benefits or other expenses suffered as a result of the Respondent's failure to make the contractually required fringe benefit fund payments.
 
 
 18
 (e) Make unit employees whole for any losses in wages or benefits they may have suffered as a result of its unlawful failure to continue all terms and conditions of its collective-bargaining agreements, which are mandatory subjects of bargaining, by failing to enforce the union-security provisions, including having nonbargaining unit employees perform bargaining unit work, or by laying off employees out of order of seniority.
 
 
 19
 (f) Should Respondent resume operations, upon the striking employees' unconditional offer to return, reinstate immediately the striking employees to their former positions or, if such are not available, to substantially equivalent positions, terminating strike replacements, if necessary, in order to make positions available for the returning strikers.
 
 
 20
 (g) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 21
 (h) Mail an exact copy of the attached notice marked "Appendix" to United Food and Commercial Workers Union, Local 880, and to all employees in the units who were employed by Respondent at its Parma, Ohio facility. Copies of the notice, on forms provided by the Regional Director for Region 8, after being signed by the Respondent's authorized representative, shall be mailed by the Respondent immediately upon receipt thereof as here directed.
 
 
 22
 (i) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 23
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 24
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 25
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 26
 To bargain collectively through representatives of their own choice
 
 
 27
 To act together for other mutual aid or protection
 
 
 28
 To choose not to engage in any of these protected concerted activities.
 
 
 29
 WE WILL NOT interrogate our employees regarding their intention to vote for a strike.
 
 
 30
 WE WILL NOT bypass United Food and Commercial Workers Union, Local 880, and deal directly with our employees by soliciting unit employees to take layoffs out of order of seniority. The units, which are appropriate for purposes of collective bargaining within the meaning of Section 9(b) of the Act are as follows:
 
 
 31
 All of our food store employees at 7383 State Road, Parma, Ohio, but excluding meat employees in its store, regular office clerical personnel, managers, and other supervisors as defined in the National Labor Relations Act, as amended.
 
 
 32
 All of our meat department employees in our retail store located at 7383 State Road, Parma, Ohio, excluding supervisors as defined in the National Labor Relations Act, as amended.
 
 
 33
 WE WILL NOT fail to credit former "Geraci's" employees with past service credit or implement collective-bargaining proposals relating to wages, hours, and other terms and conditions of employment for the bargaining units, which are mandatory subjects of bargaining, without reaching impasse, if, on any of these matters, there is no prior notice to the Union or if the Union is not given an opportunity to bargain with respect to this conduct or the effects of this conduct.
 
 
 34
 WE WILL NOT fail to bargain in good faith with the Union over the effects of our decision to close our Parma, Ohio facility.
 
 
 35
 WE WILL NOT fail to continue all terms and conditions of our collective-bargaining agreements which are mandatory subjects of bargaining, by failing to submit health, welfare and pension contributions, without notice to and bargaining with the Union.
 
 
 36
 WE WILL NOT fail to continue all terms and conditions of our collective-bargaining agreements, which are mandatory subjects of bargaining by failing to enforce the union-security provisions, including having nonbargaining unit employees perform bargaining unit work, or by laying off employees out of order of seniority, without notice to and bargaining with the Union.
 
 
 37
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 38
 WE WILL, on request of the Union, restore the status quo and make our unit employees whole, with interest, for our unlawful unilateral changes in failing to credit former "Geraci's" employees with past service credit and in implementing our collective-bargaining proposals.
 
 
 39
 WE WILL, on request, bargain in good faith with the Union as the exclusive collective-bargaining representative of our unit employees with respect to the effects on these employees of our decision to close our Parma, Ohio facility and, if an understanding is reached, embody the understanding in a signed agreement.
 
 
 40
 WE WILL pay the unit employees we terminated when we closed our Parma, Ohio facility on or about July 16, 1992, their normal wages for a period specified by the National Labor Relations Board, plus interest.
 
 
 41
 WE WILL make the contractually required contributions to the fringe benefit funds and make our unit employees whole for any losses suffered by them as a result of our failure to make the contractually required fringe benefit fund payments, plus interest.
 
 
 42
 WE WILL make our unit employees whole for any losses in wages or benefits they may have suffered as a result of our unlawful failure to continue all terms and conditions of our collective-bargaining agreements, which are mandatory subjects of bargaining, by failing to enforce the union-security provisions, including having nonbargaining unit employees perform bargaining unit work, or by laying off employees out of order of seniority.
 
 
 43
 WE WILL, if we resume operations, on the striking employees' unconditional offer to return, reinstate immediately the striking employees to their former positions or, if such are not available, to substantially equivalent positions, terminating strike replacements, if necessary, in order to make positions available for the returning strikers.
 
 CARRICO'S INC. d/b/a PARMA FOOD CENTER
 
 44
 (Employer)
 
 
 45
 Dated __________ By ______________________________
 
 
 46
 (Representative) (Title)
 
 
 47
 This is an official notice and must not be defaced by anyone.
 
 
 48
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 East 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 216-522-3729.